Good morning again. Good morning again. We're down to ten minutes. Well, there's not very much to say, it seems to me. This is the one I've been saving up for. But Buchanan, you know, you may not like it, I may not like it, it's the law, so there's no reason. Beating up Buchanan is not going to accomplish anything. So let's get by that. So the next question is, given Buchanan, is there anything wrong with the ADA ruling, i.e. that you can't get damages under the ADA because there was no actual judicial determination? Well, there's nothing wrong there because it was dismissed. The whole issue is whether we should have received attorney's fees. I'm talking about attorney's fees, only about attorney's fees. Well, we should have. Well, there was. We should have received attorney's fees. Why? Because we had, at the time, we had both State and Federal causes of action. All right. So I know. I was trying to separate it out for you. So on the Federal cause of action, however, Buchanan governs and you can't get fees. Is that right? That would be correct. All right. So now the question is the State cause of action. Civil Code, Section 55, you can't get fees. Okay. So that's what we're talking about. You should have gotten fees. Okay. But I beg the Court to let me show where we meet our Judge Scalia burden of a proper basis for awarding fees in the Title III case under Buchanan. I mean, there is an exception here. But there's a threshold question, and that is you have to prevail on your cause of action. And the judge exercised his discretion not to take supplementary jurisdiction of the State causes of action, but rather to dismiss them without prejudice. If you're filing in State court, thus you didn't prevail on the State causes of action, and there was no way that you could get attorney's fees. Now, he could have kept them, but he didn't. And thus you didn't rule on them, and thus you didn't prevail on them. But I'm looking at Judge Scalia's opinion of a proper basis for an award. So now you're not agreeing that the ADA, that not getting fees on the ADA was correct. You're saying that you should have gotten fees under the ADA. Yes, I am. I'm saying that there is a defect. Let's get a judgment in your favor. I'm going to come right to it. I'm going to have the imprimatur of the court. All right. What is it? The concern in Buchanan was that there's extortionist attorneys. There's no way to protect the innocent. You can file a motion. But there was a bright-line rule at the end of it all. So the question is what happens when you need it. Because when the defendant makes a motion to moot the case, the imprimatur of the court is there because what the court was concerned in Buchanan and what Judge Scalia especially addressed is the fact that there is no way the court can determine the nature and extent of any type of equitable relief gotten. But in a Title III case, when they make the motion to moot the case, they have to indicate these are the barriers. These are the barriers complained of by the plaintiff. These are the barriers that we removed. They lose their readily achievable defense because they removed the barriers. And it's empirical, it's quantitative, and it's objective. I still don't understand how, in your view, under the governing cases, you can get fees on a federal claim where judgment is entered in favor of your opponent and that is not itself appealed. In other words, there is a final judgment in favor of the other party. That's the basis that we have to go on. Where is there a case that allows you to get fees, you, your client, your side of the case, when the other side has a judgment in its favor? Are we talking about federal or state? Federal. Because I thought that's what you were arguing about. I'm saying that under the state we should have gotten it, but I'm saying under the federal. I'm saying that I have the exception under Buchanan. Because when you look at Buchanan and they took the FHEA and they took the ADA, it was ADA in the context of employment where there's damages. Here there is no damages. The Buchanan court completely looked at it from the standpoint that it would only be rare, if at all, that there would be any cases where you'd only have injunctive relief and no damages. They made an assumption and didn't even think of Title III that there are no damages under Title III. So I'm saying under the proper basis and I'm saying under the formula, the catalyst theory, and in the formula that Judge Scalia and Rehnquist put forth, they didn't take into consideration that there would be an imprimatur of the court, because the court is going to rule on the existence and the removal of those barriers. And what you're saying is not, you know, makes some sense. The problem is that these cases seem to be written in terms of a judgment, an enforceable judgment in your favor, which you don't have. Which I don't. But this court has the power to make an exception based upon my argument and looking exactly at what the court was concerned about, the protection of the innocent, not giving extortionist attorneys money. How do we protect it? How do we quantitatively and qualitatively say that this was a very meritorious case? You can when you look in this case. There was no handicapped accessible parking. They put it in. There was no way to get up to the foster-freeze window. They made it accessible with a ramp. And you couldn't use the bathroom. And they made it accessible. And they went to the court with. Okay. Let's go to the other question of the state. I mean, I think you've done a good job on that. Let's go to the state issue. In terms of the state issue, at early you alleged the state cause of action. It was supplemental jurisdiction. Correct. The judge, how long was the case pending before the judge said he wasn't going to exercise that supplement? He wasn't going to retain it. I think the term is not retain supplemental jurisdiction. It was really toward what was when they made their first motion. Was it in court for a couple years by then? No, no. How long was it? Maybe a few months or a year. Well, you didn't appeal his failure to retain supplemental jurisdiction. No. All right. So then if you were to refile, presumably, though, you couldn't refile for the injunctive relief because it's already been mooted. Right. So by the time you filed in state court, you couldn't do that. Well, he couldn't file in state court anyway because when he dismissed it, he dismissed it with pressure. No, he didn't. No. Not the state claims. Not with respect to the state claims. No, he didn't. No. Absolutely not. You could have filed. He specifically said you could have filed. Of course you could have filed. But all you could have filed. I think the order. Of course, when you dismiss supplemental jurisdiction, it's because you're not exercising the jurisdiction. So, therefore, you can go to state court and file. But what would you file for? You would have to file simply for the statutory damages because you couldn't file for the already included, completed relief. So then the question is, state law might let you get damages on a catalyst theory, even though federal law wouldn't. Correct. Right. But, presumably, you couldn't go to state court and get catalyst theories for damages for something that happened before you filed a state lawsuit. Well, yes, you could, because it follows that line of cases where you might start out administratively, then you file a lawsuit, and then that lawsuit leads to it. So that's what I'm trying to ask you. Under state law, is there some theory on which you could go to state court and get the catalyst damages that you could have gotten in federal court, because having filed the federal court action, you essentially generated the relief? Is there a theory under state law that you could get that, or are you precluded by the way in which this seems to happen? No, you could proceed that way and attempt to get your fees. Of course, it's going to be argued, well, you know, the case was dismissed in the federal court, so the state court judge could say, I'm not going to give you any fees. But, you know, there is a line of cases that would allow you to say, well, all this work that we did all the way up and through the conclusion of the case, we should be paid for. But what happens, because we've had it happen, is if you go from federal to state court. That's what's troubling me. What's troubling me is if the state court, if you could get these damages in state court, these fees in state court, and the judge doesn't determine not to exercise the jurisdiction until after the catalyst effect has occurred, essentially, then you may be being cut out from fees that you would otherwise get. Unless there's a way to recover it in state court. See, the problem becomes, if you get mooted out on an ADA claim, and then you're going back just on the damages, there's political repercussions. And it's rare that we do that. Well, I understand you're not going to, it's difficult for you to do it, and in my sense, you probably wouldn't do it. But I'm still trying to figure out conceptually whether there is a way you could get those fees that you would, logically, might be entitled to understand. If you went ahead and filed a state court claim, you could certainly argue it. Realistically, you're not going to see it, because a state court judge, it's been our experience, will say, well, that was done in federal, and I'm only picking up what the attorney's fees are on what you're doing here in the state court. Even though he can make the argument, you're going to lose nine out of ten times. That's the reality of it. And your time has expired. Thank you, counsel. We'll hear now from Mr. Gustin, I believe it is. Good morning. This is A.L.I. Gustin. I'm a sole practitioner in Paso Robles, a small town where there is a small take-out only foster freeze. And that's what this case was all about, was when I was first contacted by my client about the complaint. I asked him, well, did you modify the restaurant since the act went into effect? He said, no. And I says, well, what about these claims of noncompliance? He says, well, he had handicapped parking, and he did. It's just the signage didn't say banned accessible. Counselor, if we could get to the question that was concerning Judge Berzon, that would be helpful. But they're claiming that they needed to go through all this rigmarole to get compliance, and it wasn't true. So my client not only was not under the act at the time the suit was filed, but that did put him on notice. And my client volunteered. He was not under the act. He was under the act. He wasn't, there was no modifications. He had not been put on notice, done no modifications. My client was aware that of certain things that were common knowledge, such as handicapped parking, he had that. He had a handicapped restroom, but Mr. Molsky's girlfriend asked for a restroom, and they pointed him out in the back, didn't ask for a handicapped restroom. Inside, for his employees, he had a handicapped restroom, which Mr. Molsky could have used, but he didn't have, they didn't ask for that. All right, so you maybe won in that crowd, you didn't win in that crowd. But that's not the issue right now. No, the issue is basically did Judge Preggison abuse his discretion? Well, let me, I just want to get right to the question that concerns Judge Berzon in her previous questions. Theoretically, is there a way for plaintiff's counsel to go into state court once this case has been dismissed and actually get fees? Mr. Frankenfinch has not been on this case. There's another case in my county wherein he did go back to state court, and he got awarded $40,000 in fees. That wasn't all for the state court action, I tell you. But in my case... Did he send a citation for that case, or is it not a reported case? It's versus Peachy Canyon. I don't know the site on it. You don't know. Well, would you attempt to locate a citation, and if you're successful, please give it to Mr. Lane. Well, I don't think it's relevant, because let me quickly go through the important pleadings. Despite Mr. Frankenfinch loading all the courts with numerous voluminous pleadings, the January 26, 2007 granted my motion. And the... How long was that after the case was done? Excuse me? How long was that after the case was filed? I'm not sure of that date the case was filed. It looks like it was two and a half years or so. It was some time ago, yes. Okay. So in other words, the judge, Judge Pragerson did not signal that he was not going to retain jurisdiction over the state cause of action for about two and a half years, is that right? No. He ended up with a dismissal of plaintiff's supplemental state law claims. When? On January 26, 2007. So two and a half years after the case was filed. Yeah. Was that simultaneously when he concluded that the federal claim could not go forward? Well, that wasn't enough for Mr. Frankenfinch. I'm asking you a factual question about the record. Did the judge dismiss the state law claims at the same time or at a different time than the federal claim was concluded as moot? Same time. So as soon as the federal claim went away, immediately the court said, now I no longer have the ability to hold on to the state claims. Right. Right? The final conclusion was... And Judge Pragerson says that in light of the evidence submitted by the parties, he finds there's no genuine dispute that Molsky's claim for injunctive relief is moot, as his only remaining claims are state law claims. The court exercises its discretion to dismiss those claims. Was that the point at which he, the first time that he mentioned those claims? No. That was the second time. The first time was January 26, 2007. The second time was May 10, 2007. And what happened on January 26, 2007? That was the first time he denied their motion for summary judgment and granted mine. But that was on different grounds at that point. That was on standing grounds, right? Then he reaffirmed it in a supplicant order. On different grounds. The first was sort of a... Well, that's a 12-page decision on May 10. I think it's pretty clear what the grounds were. Yes, I know that. But they are different grounds than the grounds in January. Is that right? Not really. He just, he wanted voluntary compliance by my client on everything, including outside restrooms, because the suit put my client on notice that he needed to do more than what he had done before. All right. But he initially granted, it would be nice if you knew at least the orders a little bit, he initially granted summary judgment on injunctive standing grounds, on the Right. He reconsidered that. He said, no, Bolsky does have standing, but he now has done it on different grounds. Now he's saying, but the case is moved. On? In May. Well, on May 10th, he took additional evidence and reaffirmed, in essence, his ruling on January 26th in the long ruling on May 10th. Okay. And then in the judgment of May 15th, the exact words at the end were, judgment in favor of defendants, da, da, da, and against plaintiffs, da, da, da, and hereby dismisses plaintiffs' supplemental state law claims with prejudice. In January. In May. Well, how could he do that? There's the judgment. May 15th, 2007. That's why I feel that Judge Ferguson did not abuse his discretion in his ruling on June 15th. Well, he did that. He did abuse his discretion. I'm not the judge, Your Honor. I'm asking you whether that was proper. I guess maybe I didn't phrase it very well. They didn't appeal that. No, they didn't. That's true. But I'm still asking the question. Well, but that's not before you. The issue is whether or not he abused his discretion in not awarding an attorney's fee. That's the only issue before you. Am I wrong? If that reinforces my concern, then, if he's not going to be able to go to state court, why doesn't he get state – just listen first. Yeah. Why doesn't he get state attorney's fees on the catalyst theory if they're available when the state court does allow those kinds of fees? And one could certainly – there's no reason to think that whatever your client determined to do wasn't at least somewhat driven by the availability of state court damages as opposed – state law damages as opposed to by the ADA alone. So why shouldn't he be at least considered for fees under the state statute? He was considered, and Judge Fregerson issued a ruling on June 15th, 2007, that for foreign reasons, the court denies plaintiff's motion for attorney's fees.  Except that that order, the June 15th order, says in the footnote on page 6, in response to plaintiff's argument that they get fees under California law, there's a footnote that says that the court has declined to exercise supplemental jurisdiction and for that reason can't give fees. So it seems like the court is mixing up apples and oranges a little bit because if the court dismissed without prejudice, then he could go to state court and do what he wants, but it sounds like he was sort of deciding it. I don't know. Well, he didn't appeal any of these orders. He didn't go to state court. But he did say that he should have gotten fees on the state causes of action. But he's claiming that Judge Fregerson abused his discretion. Right. I'm saying he didn't abuse his discretion. But maybe the abuse of discretion was in entering the order with prejudice rather than in denying the fees. I think his order on denying the fees, including the footnote, clarifies that. He is considering that as one of the reasons that the plaintiff put forth in trying to get fees, and Judge Fregerson said, no, you're not entitled. And so I don't think he abused his discretion. I think he – I mean, all the pleadings of dealing with the summary judgment were very voluminous. And all the pleadings were voluminous. Yes. And you apparently didn't answer anything. And you were in default several different times and so on. No, no. And your papers in this Court are not comprehensible either. Not comprehensible? No, they're not. They're not directed at the issues. They're in three different pieces when they ought to be in one and so on. I don't think – Not following the rules. I don't think voluminous is the answer to adjudication. I think hitting the issues, which I believe I did, is the answer. Thank you, counsel. You have exceeded your time. And the case, we started, is submitted. And, well, you used up your time, but it looks like you want to say something more. So we'll give you one more minute to close out. The point is he dismissed the State court claims with prejudice, and we had a right then to seek our attorney's fees under Civil Code Section 55. Because you viewed that as an adjudication on the merits rather than a dismissal? His clear intention was to send the State claims back to State court. So if there's an abuse of discretion, isn't it simply the words with prejudice? Yes, but I think by the mere fact that he exercised his power to dismiss it with prejudice, that when he did that, he triggered our ability and our right to proceed under 55. Are you a prevailing party? Pardon me? Are you a prevailing party on the State claims? Absolutely. And dismissed with prejudice? Absolutely. You would argue that you're a prevailing party on a catalyst theory, because on a catalyst theory, you could have a dismissal for mootness and still be a prevailing party. Correct. Absolutely. That's why we should, you know, have our attorney's fees. I think we understand both sides' positions. We thank you for your arguments. The case just argued is submitted, and we're adjourned for this session.
judges: Graber, Berzon, Wilken